**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

FILED
3/31/22 3:30 pm
CLERK
U.S. BANKRUPTCY
COURT - WDPA

In re:
ROBERT R. LEAP                  :    Case No. 18-70383-JAD
                                :
        Debtor                  :    Chapter 13
                                :
                                :    Related to ECF No. 92

## STIPULATION AND ORDER OF COURT

AND NOW, come the Debtor, Robert R. Leap, and Ronda J. Winnecour, Chapter 13 Trustee, by their undersigned counsel, and Stipulate and Agree as follows:

1. Debtor commenced the within Chapter 13 case on May 22, 2018.

2. Among the assets listed in Debtor's Schedules is real property, Debtor's residence, located at 298 Farmers Turnpike, Lilly, Cambria County, Pennsylvania 15938. Debtor's property is subject to a first mortgage lien in favor of Laelia, LLC (Claim No. 5). Debtor has claimed as exempt the equity in this property.

3. Debtor's Amended Chapter 13 plan dated November 2, 2020 was confirmed by order entered January 22, 2021 (Doc. 80). Debtor's plan proposes to cure the prepetition mortgage arrears and reinstate the mortgage.

4. Following a hospitalization in January 2021, Debtor conveyed the 298 Farmers Turnpike property to his daughter, Dawn Aimee Schrift, without having obtained bankruptcy court approval.

5. Debtor is continuing to make payments into the plan, and Debtor's plan is presently in month 46 of a 60-month plan.

6. There is no benefit to the Estate to expend the time and resources necessary to pursue an action to avoid and recover the unauthorized post-petition transfer so long as Debtor remains in a Chapter 13 case.

7. Debtor, the transferee, and the Chapter 13 Trustee have entered into a Standstill and Tolling Agreement, a copy of which is attached hereto as Exhibit "A".

8. Any and all statute of limitations periods applicable to potential actions to avoid the unauthorized post-petition transfer be and hereby are tolled and extended, as set forth in the Standstill and Tolling Agreement attached as Exhibit "A".

Stipulated and agreed to by:

/s/ James C. Warmbrodt
James C. Warmbrodt, Esquire
Attorney for Chapter 13 Trustee
US Steel Tower, Suite 3250
600 Grant Street
Pittsburgh, PA  15219
(412) 471-5566
jwarmbrodt@chapter13trusteewdpa.com

/s/Richard G. Allen
Richard G. Allen, Esquire
Law Offices of Richard G. Allen
Attorney for the Debtor
12875 Route 30, Suite 26
North Huntingdon, PA 15642
(724) 235-6642
richard@johnstownbankruptcy.com

SO ORDERED
March 31, 2022

_____
Jeffery A. Deller    jah
United States Bankruptcy Judge

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| In re: | : | |
| ROBERT R. LEAP | : | Case No. 18-70383-JAD |
| | : | |
| Debtor | : | Chapter 13 |
| | : | |
| | : | |

**CERTIFICATE OF SERVICE**

I, the undersigned, certify that I served or caused to be served on March 30, 2022, the foregoing document upon each of the following parties in interest by United States first-class mail, postage prepaid, addressed as follows:

Richard G. Allen, Esquire
Law Offices of Richard G. Allen
201 Penn Center Blvd. Ste. 400
Pittsburgh, PA 15235

Office of the United States Trustee
Liberty Center, Suite 970
1001 Liberty Avenue
Pittsburgh, PA 15222-3721

/s/Renee Ward
Office of Chapter 13 Trustee
US Steel Tower – Suite 3250
600 Grant Street
Pittsburgh, PA 15219
(412) 471-5566
cmecf@chapter13trusteewdpa.com

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

IN RE:

ROBERT R. LEAP,
    Debtor(s)

BANKRUPTCY NO. 18-70383-JAD

Chapter 13

### STANDSTILL AND TOLLING AGREEMENT

This STANDSTILL AND TOLLING AGREEMENT ("Agreement"), is by and between:

    RONDA J. WINNECOUR,    Standing Chapter 13 Trustee for the Western District of Pennsylvania ("Trustee");

**AND**

    ROBERT R. LEAP ("Debtor") and DAWN AIMEE SCHRIFT ("Transferee"), hereinafter, collectively, the "Respondents."

**WITNESSETH:**

WHEREAS, Debtor filed a petition for relief under Chapter 13 at the above captioned Case Number, on May 22, 2018 (the "Bankruptcy Case);

WHEREAS, among the assets of the Debtor listed on Schedule A of his bankruptcy petition is real property, his residence, located at 298 Farmers Turnpike, Lilly, Cambria County, Pennsylvania (the "Property"), which Property is valued at $68,000.00 on Debtor's Schedule A;

WHEREAS, the Property is subject to a first mortgage in favor of Laelia, LLC, which filed a proof of claim in the total amount of $62,076.19 (*See*, Claim 5);

WHEREAS, Debtor's Amended Chapter 13 plan dated November 2, 2020 was confirmed by Order entered January 22, 2021 (Doc. 80), which plan provides, *inter alia*, for the cure and reinstatement of the first mortgage claim;

WHEREAS, following a hospitalization in January 2021, Debtor conveyed the Property to an insider, his daughter, Dawn Aimee Schrift, by quitclaim deed for the purpose of minimizing potential future inheritance taxes;

WHEREAS, Trustee believes the post-petition transfer of the Property without Bankruptcy Court approval to be avoidable under 11 U.S.C. § 549(a), and the Property or its value recoverable under 11 U.S.C. §550 (the "Avoidance Claims");

WHEREAS, Respondents understand that if this Agreement were not executed, the Trustee would initiate an Adversary Action to pursue the Avoidance Claims on or before the

WHEREAS, Debtor intends to continue in his Chapter 13 case, and has continued to make plan payments subsequent to the transfer of the Property;

WHEREAS, the Parties agree that it is in the best interest of all involved to defer the commencement of an Avoidance Action so as to avoid the time and expense of the Action for so long as the Debtor remains in his Chapter 13 case and is performing under his Plan, and provided further that the need for an Action is itself avoided if the Plan is fully performed;

NOW THEREFORE, the Trustee and Respondents, in consideration of their mutual covenants contained in this Agreement, and intending to be legally bound hereby, agree as follows:

(1) The foregoing recitals are incorporated herein as if fully set forth. The Parties agree that the Trustee may justifiably rely upon the Debtor's Schedules and Statement of Financial Affairs, and the representations and warranties of Respondents as set forth below.

(2) Any and all statute of limitations periods applicable to the Avoidance Claims that are unexpired as of the effective date of this Agreement (including those periods that would be unexpired as a result of the application of a previous tolling under applicable law), shall be and hereby are tolled and extended through the Termination Date (the "Tolling Period").

(3) The Respondents hereby (i) expressly waive and (ii) agree not to assert against the Trustee any and all time-based defenses under Sections 549(d) or 108(a)(2) of the Bankruptcy Code, or any other time-based defenses under other applicable law or authority, including but not limited to, defenses based on statutes of limitation, laches, waiver and estoppel, to the extent such defense arose during the Tolling Period, as to any action commenced on the Avoidance Claims during the Tolling Period.

(4) Trustee shall include any successor Trustee, including a successor Trustee in Chapter 13, a Chapter 7 Trustee in the event the Bankruptcy Case is converted to Chapter 7, and a Chapter 11 Trustee, Debtor-in-possession, or any Creditor authorized by the Court to prosecute the Avoidance Claims in the event the Bankruptcy Case is converted to Chapter 11.

(5) The Termination Date shall be the date the Debtor is granted a discharge under 11 U.S.C. §1328, or the date the case is closed without a discharge, whichever is applicable, provided, further, however, if the case is converted to another Chapter, then the Termination Date is the later of: (A) the deadline set forth in 11 U.S.C. §546(a); or (B)(i) is 90 days after the Order converting the case has been docketed in the case of conversion to Chapter 7, or (ii) 180 days after the Order converting the case has been docketed in the case of a conversion to Chapter 11.

(6) This Agreement imposes no obligation on the Trustee to forbear from the commencement of an Avoidance Action, and though it is the Trustee's intention to forbear from the commencement of an action so long as the Debtor is compliant with the terms of his Plan (or any amendment(s) thereto), the Trustee may, in her discretion, commence an action notwithstanding the fact that the Debtor remains compliant with the terms of her Plan. Conversely, a Debtor default under his Plan, or a default under this Agreement, including a default under any of the additional Representations and Warranties set forth below, <u>does not</u> terminate the Tolling Period and the Trustee may, in her discretion, choose to continue to forbear notwithstanding such default(s).

(7) No addition, amendment or modification to this Agreement shall be effective unless set forth in a writing executed on behalf of the Parties as to whom such addition, amendment or modification applies.

(8) The Parties hereto, and each of them, irrevocably acknowledge and agree that they are, now and forever, estopped, barred and precluded from contesting or denying the validity and enforceability of this Agreement.

(9) This Agreement may be executed in multiple counterparts, each of which, when read together with the signatures of those parties signing other counterparts, shall be deemed a complete original copy. This Agreement may also be executed via facsimile signature which shall, for all purposes, serve as an original executed counterpart of this Agreement. This Agreement shall be fully effective against those Parties who are signatories hereto, even if less than all of the Parties identified herein have signed it.

(10) If this Agreement has been executed by counsel for any Party, said counsel expressly represents that he or she are authorized to execute this Agreement on behalf of the representative party for whom they have signed.

(11) This Agreement and all discussions in pursuance thereof shall not constitute an admission of liability by any Party nor an admission by any Party of the propriety or validity of any claims asserted by any other Party and shall not be offered or received in evidence in any litigation among the Parties except to enforce the terms of this Agreement.

[REST OF PAGE LEFT BLANK]

WHEREFORE, the parties have executed this instrument as of the day and year first above written.

DEBTOR:

_____ 3/18/22
ROBERT R. LEAP

TRANSFEREE:

_____ 03/18/2022
DAWN AIMEE SCHRIFT

TRUSTEE:

By: /s/ James C. Warmbrodt
James C. Warmbrodt
Office of the Chapter 13 Trustee
US Steel Tower, Suite 3250
600 Grant Street
Pittsburgh, PA 15219
Email: jwarmbrodt@chapter13trusteewdpa.com
Tel. (412) 471-5566 x 4143
**Attorney for Trustee**

United States Bankruptcy Court

Western District of Pennsylvania

| | |
|---|---|
| In re: | Case No. 18-70383-JAD |
| Robert R. Leap | Chapter 13 |
| Debtor | |

# CERTIFICATE OF NOTICE

| | | |
|---|---|---|
| District/off: 0315-7 | User: auto | Page 1 of 2 |
| Date Rcvd: Mar 31, 2022 | Form ID: pdf900 | Total Noticed: 1 |

The following symbols are used throughout this certificate:
**Symbol    Definition**

\+           Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Apr 02, 2022:**

| Recip ID | Recipient Name and Address |
|---|---|
| db | + Robert R. Leap, 298 Farmers Turnpike, Lilly, PA 15938-5410 |

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

# NOTICE CERTIFICATION

I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Apr 02, 2022        Signature:        /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on March 31, 2022 at the address(es) listed below:

| Name | Email Address |
|---|---|
| Brian Nicholas | on behalf of Creditor Toyota Lease Trust bnicholas@kmllawgroup.com |
| Brian Nicholas | on behalf of Creditor Selene Finance LP as servicer for Laelia  LLC bnicholas@kmllawgroup.com |
| Lisa Cancanon | on behalf of Creditor Selene Finance lisac@w-legal.com Llombardi06@law.du.edu |
| Lisa Cancanon | on behalf of Creditor Selene Finance LP as servicer for Laelia  LLC lisac@w-legal.com, Llombardi06@law.du.edu |
| Office of the United States Trustee | ustpregion03.pi.ecf@usdoj.gov |
| Richard G. Allen | on behalf of Debtor Robert R. Leap ecf@johnstownbankruptcy.com |

District/off: 0315-7 | User: auto | Page 2 of 2
Date Rcvd: Mar 31, 2022 | Form ID: pdf900 | Total Noticed: 1

Ronda J. Winnecour  mybestcaseecfmail@gmail.com;r44281@notify.bestcase.com
cmecf@chapter13trusteewdpa.com

TOTAL: 7